**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4055**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CONLEY DALE PATTERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:15-cr-00075-MR-DLH-1)

Submitted: October 17, 2017               Decided: October 19, 2017

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Conley Dale Patterson pled guilty, pursuant to a written plea agreement, to dealing in firearms without a license and aiding and abetting, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), 2 (2012).  The district court sentenced Patterson to 48 months' imprisonment.  Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether Patterson's sentence was properly calculated and whether he received ineffective assistance of plea counsel.  Patterson was notified of his right to file a pro se supplemental brief, but he has not done so.  We affirm.

Appellate review of a sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range," is for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  *Id.* at 51.  This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  *Id.*  Regarding calculation of a defendant's Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo.  *United States v. Strieper*, 666 F.3d 288, 292 (4th Cir. 2012).  We find no clear error in the district court's decision to enhance Patterson's base offense level: two levels because the offense involved a destructive device, U.S. Sentencing Guidelines Manual § 2K2.1(b)(3)(B) (2016); two levels because it involved stolen firearms, USSG § 2K2.1(b)(4)(A); four levels because of the number of firearms at issue,

2

USSG § 2K2.1(b)(1)(B); and two levels because Patterson was an organizer, leader, manager, or supervisor of the criminal activity, USSG § 3B1.1(c). Our examination convinces us that Patterson's below-Guidelines-range sentence is procedurally and substantively sound. Therefore, the district court did not abuse its discretion in imposing the chosen sentence.

We decline to review on direct appeal Patterson's claim that his plea counsel provided ineffective assistance. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (providing standard). This record contains no conclusive evidence that plea counsel rendered ineffective assistance; therefore, Patterson's claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Patterson, in writing, of the right to petition the Supreme Court of the United States for further review. If Patterson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Patterson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3